UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HERMAN L. CLARK, JR.,

      Plaintiff,

v.                                    Case No: 6:12-cv-1667-Orl-28GJK

ZALE CORPORATION, ZALE
DELAWARE, INC. and GORDONS
JEWELERS,

      Defendants.

## ORDER

In this lawsuit, Plaintiff, Herman L. Clark, Jr., alleges race, national origin, and association discrimination against his former employers. Now before the Court is Defendants' Motion to Dismiss Counts II [Workplace Harassment: Hostile Work Environment] and III [Workplace Harassment: Tangible Employment Action Taken], and to Strike Paragraphs 32-57 and 73-77, of the Amended Complaint. (Doc. 39). Because Mr. Clark properly filed a charge with the Equal Opportunity Employment Commission (EEOC), and because Mr. Clark's claims can reasonably be expected to grow out of the EEOC charge, Defendants' Motion to Dismiss Counts II and III is denied and Defendants' Motion to Strike is denied with respect to paragraphs 32-57. However, the Motion to Strike paragraphs 73-77 is granted because it alleges claims that Mr. Clark cannot bring in this suit.

                I.      **Background**

Defendant Zale Corporation (Zale) is a jewelry retailer and is the parent corporation for Defendant Zale Delaware, Inc. Defendant Gordon's Jewelers (Gordon's)

is one of Zale's principal operating units. Mr. Clark began working at Gordon's in Daytona Beach, Florida, in July 2001, and he was promoted to Store Manager of Defendants' store at Fashion Square Mall in Orlando, Florida, by May 2002. Mr. Clark's employment was terminated by Defendants on July 2, 2010.

Mr. Clark filed this lawsuit on November 6, 2012. In his Amended Complaint, Mr. Clark alleges violations of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e—2000e-17; the Florida Civil Rights Act of 1992 (FCRA); and 42 U.S.C. § 1981. Mr. Clark alleges that Defendants and Defendants' employees violated Title VII and FCRA by committing "race, national origin, and/or association discrimination" through Mr. Clark's discharge from employment (Count I) and workplace harassment, including allegations of both a hostile work environment (Count II) and a tangible employment action taken (Count III). Mr. Clark also alleges that Defendants and Defendants' employees violated § 1981 through race discrimination in employment (Count IV). Finally, Mr. Clark brings a retaliation claim under Title VII and FCRA (Count V).

In their motion to dismiss and to strike, Defendants seek dismissal of two of the five counts of the Amended Complaint. Defendants argue that Mr. Clark failed to exhaust his administrative remedies as to Counts II and III—his claims of workplace harassment—because they were not the subject of Mr. Clark's EEOC charge. Defendants also argue that in some paragraphs of the Amended Complaint, Mr. Clark alleges discriminatory actions that are not actionable or are time-barred; Defendants assert that these paragraphs, as well as Mr. Clark's allegations of systemic discrimination and disparate impact, should be stricken.

## II. Discussion

### A. The Motion to Dismiss

In his EEOC charge, which was filed on July 9, 2010, Mr. Clark made temporally incongruent statements that the Defendants use as a basis for their motion to dismiss. Mr. Clark stated in that charge that the earliest date of discrimination was June 30, 2010, and that the latest was July 2, 2010.[1] Mr. Clark also alleged that "[o]n June 30, 2010, and prior I have been subjected to systematic discrimination." (Ex. 1 to Pl.'s Resp. in Opp'n to Defs.' Mot. to Dismiss, Doc. 43-1). He further stated that "[o]n June 30, 2010, and before[,] I was repeatedly subjected to discriminatory treatment because of my marriage to a Black Female" and that "[o]n or around June 25, 2010, Mr. Michael Derby, District Manager, made the statement that I would never be advanced in the company as long as he was alive." (Id.). The EEOC charge also includes the allegation that Mr. Clark was discriminated against "by discharge, harassment, promotion and intimidation." (Id.).

Defendants argue that Mr. Clark's claims of workplace harassment based on a hostile work environment (Count II) and a tangible employment action (Count III) are barred from judicial consideration because they were not the subject of the EEOC charge. Defendants contend that these counts must be dismissed because "the Charge set forth neither specific allegations of severe, pervasive and oppressive conditions

---

[1] Both parties agree, as evidenced by their submissions of the EEOC charge, (Docs. 39-1 & 43-1), that the Court can consider the EEOC charge without having to convert the motion to dismiss to a motion for summary judgment, (see Doc. 39 at 2 n.1). The EEOC charge is central to Mr. Clark's claim and is referred to in the Amended Complaint. See Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997) (citing Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993)). Because the EEOC charge is sufficient to resolve the motion to dismiss, the Court need not determine whether it can consider the other exhibits submitted by the parties.

3

sufficient to buttress a claim of hostile work environment, nor specific dates on which Plaintiff was allegedly harassed or denied a promotion." (Doc. 39 at 8 (footnote omitted)). Finally, Defendants argue that any claim based on acts occurring prior to September 12, 2009 is time-barred.

Plaintiffs are required to file a charge of discrimination with the EEOC before filing a Title VII action. Gregory v. Ga. Dep't of Human Res., 355 F.3d 1277, 1279 (11th Cir. 2004). In Florida, a charge must be filed within 300 days of the discriminatory actions. EEOC v. Joe's Stone Crabs, Inc., 296 F.3d 1265, 1271 (11th Cir. 2002). Discrete acts of discrimination, including termination, failure to promote, and retaliation are not actionable if no charge regarding them is filed within the time limits. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113-14 (2002). But, "[h]ostile environment claims are different in kind from discrete acts" because of the repeated conduct inherent in these claims. Id. at 115. "Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." Id. at 117.

A plaintiff cannot allege new acts of discrimination in a judicial complaint that were not alleged in the EEOC charge. Gregory, 355 F.3d at 1279-80 (citing Wu v. Thomas, 863 F.2d 1543, 1547 (11th Cir. 1989)). This is not a bright-line test; "judicial claims are allowed if they 'amplify, clarify, or more clearly focus' the allegations in the EEOC complaint." Id. at 1279 (quoting Wu, 863 F.2d at 1547). The resulting standard is that the "'plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'" Id. at 1280 (quoting Alexander v. Fulton Cnty., Ga., 207 F.3d 1303, 1332 (11th Cir. 2000)).

4

What constitutes the scope of the EEOC investigation "'should not be strictly interpreted.'" Id. (quoting Sanchez v. Standard Brands, Inc., 431 F.2d 455, 465 (5th Cir. 1970)).

Although Defendants assert that the workplace harassment claims were not the subject of the EEOC charge, Mr. Clark did allege in the EEOC charge that discrimination occurred before June 30, 2010, and that he faced discrimination "by discharge, harassment, promotion and intimidation." (Doc. 43-1). In addition, while Defendants contend that the workplace harassment allegations were not specific enough in the EEOC charge, judicial claims may "amplify, clarify, or more clearly focus" the claims from the EEOC charge. By stating more specifically the factual basis for Mr. Clark's claims, the Amended Complaint clarifies the EEOC charge. Furthermore, Defendants' reliance on Minix v. Jeld-Wen, Inc., 237 F. App'x 578 (11th Cir. 2007), where a plaintiff was barred from alleging harassment based on a tangible employment action when the EEOC charge only discussed a hostile work environment, is misplaced because here Mr. Clark alleged both harassment and tangible employment actions such as failure to promote and discharge in the EEOC charge.

The Court agrees with Defendants that Mr. Clark cannot assert discrete acts occurring prior to September 12, 2009 as tangible employment actions constituting separate claims. Such acts may, however, be considered in the hostile environment inquiry because if an act contributing to a hostile environment claim falls within the 300-day time period, acts occurring outside the time period may be considered. Additionally, Mr. Clark has alleged tangible employment actions that occurred after September 12,

5

2009 that could serve as the basis of the workplace harassment claim alleged in Count III.

For these reasons, Mr. Clark's claims of harassment based on hostile work environment and tangible employment action could reasonably be expected to grow from his EEOC charge. Thus, they can be asserted here and will not be dismissed, and Defendants' arguments as to lack of administrative exhaustion are rejected.

### B. Motion to Strike

Defendants argue under Rule 12(f) of the Federal Rules of Civil Procedure that paragraphs 32-57 of the Amended Complaint should be stricken because they allege instances that occurred prior to September 9, 2009 and that paragraphs 73-77 should be stricken because they allege pattern and practice and disparate impact discrimination. The Court agrees only with regard to four of the challenged paragraphs.

The Federal Rules of Civil Procedure give courts discretion to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored and will be denied "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Somerset Pharm., Inc. v. Kimball, 168 F.R.D. 69, 71 (M.D. Fla. 1996). Though the standard of review for motions to strike is "'stringent,'" they can be granted "where the allegations are insufficient as a matter of law to succeed under provable facts." Smith v. City of Lake City, Fla., No: 3:12-cv-553-J-99MMH-TEM, 2012 WL 4772286, at *1 (M.D. Fla. Oct. 8, 2012) (quoting Judkins v. Bloomen Int'l, Inc., No. 8:09-cv-02538-T-17TBM, 2010 WL 2510665, at *2 (M.D. Fla. June 21, 2010)).

As discussed earlier, hostile environment claims may include instances that occurred outside of the time limitation as long as one instance occurred during the

allowed time period. Thus, paragraphs 32-57 are relevant to the hostile environment claim and will remain in the Amended Complaint. On the other hand, paragraphs 73 through 77 allege pattern and practice discrimination. In the Eleventh Circuit, an individual plaintiff cannot maintain a pattern or practice claim without certifying a class action. Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 969 (11th Cir. 2008). For this reason, the court in Smith found that allegations of facts constituting a pattern or practice claim were necessarily stricken because they were legally insufficient. Smith, 2012 WL 4772286, at *2 (citing Davis, 516 F.3d at 961-69). But see Badilo v. City of Deerfield Beach, No. 13-60057-CIV, 2013 WL 3762338, at *2 (S.D. Fla. July 16, 2013) (holding that plaintiff, unlike in Smith, raised particular allegations not to establish a pattern and practice of discrimination but to support her current claims and thus denying the motion to strike). As in Davis and Smith, Mr. Clark cannot maintain a claim of pattern and practice discrimination without certifying a class action, which Mr. Clark has not done. Thus, paragraphs 73 through 77 of the Amended Complaint will be stricken. See Smith, 2012 WL 4772286.

C. **Conclusion**

In accordance with the foregoing, it is hereby **ORDERED** and **ADJUDGED** that:

1. Defendants' Motion to Dismiss Counts II and III, and to Strike Paragraphs 32-57 and 73-77, of the Amended Complaint (Doc. 39) is **GRANTED IN PART AND DENIED IN PART**. The motion is granted to the extent it seeks to strike paragraphs 73-77 of the Amended Complaint and is otherwise denied.

2. Paragraphs 73-77 are **STRICKEN** from the Amended Complaint. All other paragraphs remain in the Amended Complaint.

**DONE** and **ORDERED** in Orlando, Florida on September 12, 2013.

JOHN ANTOON II
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties